■ ANDREW A. WHITE et al., Appellants, v GEOFFREY R. WHITE et al., Respondents. In the Matter of ANDREW A. WHITE et al., Appellants, v MORRIS WHITE FASHIONS, INC., Respondent. — Judgment of the Supreme Court, New York County, entered September 22, 1980, granting the application of Morris White Fashions, Inc., to stay the trial and compel arbitration and denying plaintiffs' cross motion to stay arbitration is reversed, on the law, with costs, and the motion to stay the trial and compel arbitration is denied and the cross motion to stay arbitration is granted. Plaintiff Andrew White is a former officer, director and stockholder of Morris White Fashions, Inc. (Fashions). Defendant Geoffrey White was, and still remains, the majority stockholder and an officer and director of Fashions. In January, 1978, Andrew agreed to sell his stock in Fashions to Geoffrey and resign as an officer and director of the corporation. As part of the agreement plaintiff and Fashions were to enter into a four-year employment contract. On January 31, 1978 the employment agreement was entered into between Andrew and Fashions and on February 10, 1978, Andrew sold his stock to Geoffrey and resigned as an officer and director of Fashions. The employment agreement between Andrew and Fashions contained an arbitration agreement. In his complaint, which is bottomed on the prima facie tort theory, Andrew alleges that thereafter Geoffrey and defendant Bell, "an employee, agent or officer of Fashions", entered into a conspiracy pursuant to which they demanded that Andrew accept a salary less than that stipulated in the contract and threatened that unless he did so they would transfer him to Biloxi, Mississippi, or some other place where his wife, Marjorie, who suffers from colitis and osteonecrosis, could not receive the constant medical attention required by her. As a result of these acts, Andrew asserts that he suffered an attack of acute colitis. Andrew seeks damages for his illness while Marjorie, a coplaintiff, seeks damages for loss of consortium. After service of the summons and complaint upon Geoffrey and Bell, Fashions, contending that the dispute was in reality one between it and Andrew, moved to stay the action brought by Andrew and Marjorie against Geoffrey and Bell pending arbitration of the "dispute" between Andrew and it. Andrew cross-moved to stay arbitration. Special Term granted the motion and denied the cross motion. In the process it consolidated the action by Andrew and Marjorie with the proceeding by Fashions to stay the action. Andrew has not advanced, in the action brought by him, any claim against Fashions. Indeed, the relief sought is relief against Geoffrey and Bell. In that controversy Fashions is an interloper seeking what it conceives to be the benefit of the arbitration tribunal to shield Geoffrey and Bell from any liability to which they may be subject. As an interloper it cannot compel Andrew, and more particularly Marjorie, with whom it has no relationship, contractual or otherwise, to forego their right to the judicial forum. Since there is here no claim by Andrew against Fashions or by Fashions against Andrew, we have nothing more than an

arbitration clause in a vain search for a dispute. On this appeal we are not called upon to determine whether such an action as that here brought will lie, nor whether it has merit. For our purposes, it is sufficient to note that the proper forum for determination of those questions is judicial rather than arbitral. Concur — Birns, J. P., Carro, Markewich, Silverman and Bloom, JJ.